UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE A. TRIPP,

Petitioner,

v.

ERIC RARDIN,

Respondent.

Case No. 25-cv-13278

Honorable Robert J. White

**OPINION AND ORDER SUMMARILY DISMISSING AS MOOT THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING THE MOTION TO APPOINT COUNSEL (ECF No. 4)**

I. <u>Introduction</u>

Petitioner Wayne A. Tripp was a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). Tripp filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, claiming that he is entitled to be released to prerelease custody on his current sentence under the First Step Act (FSA) and the Second Chance Act (SCA) and that the Bureau of Prisons (BOP) is failing to immediately release him to prerelease custody. At the time that Tripp filed the petition, he was incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). Tripp has now been released to a Residential Reentry

Management Center (RRM) in Kansas City, Missouri.[1] For the reasons that follow, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is SUMMARILY DISMISSED AS MOOT.

II.    Background

At the time of the filing of the petition, Tripp was housed at FCI-Milan, with his full term expiring on December 25, 2028. (ECF No. 7-2, PageID.57). Tripp's current First Step Act projected release date is either March 4 or March 14, 2027. (*Id.*, PageID.51, 62). He has also been considered for Second Chance Act benefits, which means that the BOP has discretion to refer him to pre-release custody for up to an additional year. Tripp had been referred for placement in a halfway house. (*Id.*, PageID.51, 69). His current placement date was April 7, 2026. He was to be transferred to pre-release custody at that time. (*Id.*).  Tripp apparently has been transferred to pre-release custody.

III.    Discussion

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a

---

[1] This Court obtained this information from the BOP's inmate locator*, see* Inmate Locator (bop.gov)*,* which this Court may take judicial notice of. *See Marshek v. Eichenlaub,* 266 F. App'x 392 (6th Cir. 2008).

favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Brock v. U.S. Dep't of Justice,* 256 F. App'x 748, 750 (6th Cir. 2007).

Tripp's request for pre-release custody pursuant to the First Step Act and the Second Chance Act has been mooted because he is now in pre-release custody. *See e.g. Demis v. Sniezek,* 558 F.3d 508, 513 (6th Cir. 2009) (federal prisoner's challenge to a BOP policy preventing his transfer to a community corrections center, or halfway house, was rendered moot by the prisoner's subsequent release from custody); *Marshek v. Eichenlaub*, 266 F. App'x 392, 392-93 (6th Cir. 2008) (when a habeas petition seeks placement at a residential reentry center or (RRC), the petitioner's subsequent transfer to an RRC moots the petition); *Antoine v. Rardin*, No. 24-12462, 2025 WL 968285, at *2 (E.D. Mich. Mar. 31, 2025) (petitioner's

3

request that the BOP apply his FTCs to transfer him to pre-release custody was moot when the BOP transferred him to pre-release custody when it placed him in a residential reentry center).  The petition for a writ of habeas corpus is therefore dismissed as moot.

IV.  <u>ORDER</u>

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED WITHOUT PREJUDICE AS BEING MOOT.**  Because the petition is being dismissed, the Court also **DENIES** the motion for the appointment of counsel (ECF No. 4) as moot.

s/Robert J. White_____<br>Robert J. White

Dated: April 13, 2026                       United States District Judge